IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:20-cr-00068 |
| Elijah K. Thompson, | |
| Defendant. | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]  THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on April 8, 2024. Doc. No. 1736. The Federal Public Defender's Office was appointed to represent the Defendant. Defense Counsel filed a Notice of Intent Not to Supplement the Defendant's Motion on April 10, 2024. Doc. No. 1739. The United States filed a Response on May 7, 2024. Doc. No. 1750. The Defendant did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

[¶2]  The Defendant seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense

level for defendants receiving zero criminal history points and whose offense did not involve certain criteria.

[¶3] The Defendant's sentence was not based on a guidelines range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). First, the Defendant was sentenced to 60 months of imprisonment, which was the statutory mandatory minimum. Doc. Nos. 1213, 1214, 1192, ¶¶ 53, 54. Amendment 821 has not effect on the statutory minimum sentence. Second, even assuming the Defendant is entitled to a Guidelines range reeducation to under Amendment 821, the sixty-month mandatory minimum would remain the guidelines range for his sentencing. See USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); USSG § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under subdivision (1) of this subsection."). In short, the Defendant received a guidelines sentence and nothing in Amendment 821 alters the Guidelines range.

[¶4] The record demonstrates that Amendment 821 does not apply to the Defendant. Therefore, the Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶5] **IT IS SO ORDERED.**

DATED June 26, 2024.

Daniel M. Traynor, District Judge
United States District Court